The Honorable Wanda Northcutt State Representative P.O. Box 350 Stuttgart, Arkansas 72160-0350
Dear Representative Northcutt:
This official Attorney General opinion is issued in response to your recent question regarding the retirement of municipal clerks in cities of the first class that do not participate in the state retirement system on behalf of their municipal clerks. You have asked:
 Is it permissible for a municipal court clerk to combine years of service as municipal clerk with years of service as a deputy municipal clerk in order to attain the 20 years of service necessary for retirement eligibility?
It is my opinion that municipal clerks may not combine their years of service as municipal clerks with years of service in any other capacity in order to attain eligibility for retirement.
This issue is governed by the provisions of A.C.A. § 24-8-301 et seq., which establish a local retirement system for municipal judges and clerks in cities that do not participate in the state retirement system. The 20-year requirement is set forth in section 311, which states in pertinent part:
 (a) Any clerk of a municipal court to which this subchapter applies, appointed by the judges of the court, . . . who shall have served in office for at least twenty (20) years, irrespective of age, shall be eligible to receive retirement benefits provided by this subchapter. 24-8-311. If the clerk resigns, retires from office, or is succeeded in office by another clerk, the clerk shall receive retirement benefits for and during the remainder of his natural life in an amount equal to one-half (1/2) of the salary payable to him at the time of resignation, retirement, or succession in office.
A.C.A. § 24-8-311(a).
This office has previously taken the position that the retirement system established for municipal clerks in A.C.A. § 24-8-301 et seq., including the above-quoted section, does not apply to deputy municipal clerks. See
Op. Att'y Gen. No. 89-188.
In accordance with that position, it is necessary to interpret the phrase "[a]ny clerk . . . who shall have served in office for twenty years" to refer to service in the office of municipal clerk only — not service in the office of deputy municipal clerk or in any other office. It follows that all twenty years must have been served as municipal clerk.
For this reason, I must conclude that it is impermissible for a municipal clerk to combine years of service as a deputy municipal clerk with years of service as municipal clerk in order to attain the required twenty years of service.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh